UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-167 |
| | ) | Judge Phillips |
| JEROME DOBBINS | ) | |

# **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's pro se motion for sentence reduction [Doc. 32]. The defendant asks for a sentence reduction pursuant to the retroactive "two point reduction" for drug charges. The Court interprets this request as a request for resentencing pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). Amendment 782, which became effective on November 1, 2014, revised the sentencing guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in U.S.S.G. §§ 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition to the defendant's motion [Doc. 33]. The United States argues that the defendant is not eligible for a sentence reduction because Amendment 782 has no effect on his statutorily-mandated term of imprisonment.

## I. Background

By judgment dated August 5, 2013, the defendant was sentenced by United States District Judge Danny C. Reeves to a total term of imprisonment of 120 months for two counts of distribution of 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Doc. 26]. Prior to the entry of his guilty pleas, the government filed an Information and Notice of Application of Enhanced Penalties pursuant to 21 U.S.C. § 851 [Doc. 11], due to the defendant's prior felony drug conviction in this Court in case number 1:07-CR-55. Because of the enhanced penalties, the defendant was subject to a mandatory sentence of 120 months. Thus, the defendant's guideline range became 120 to 120 months because the statutory minimum was greater than the range otherwise applicable in this case. *See* U.S.S.G. § 5G1.1(b).

## II. Analysis

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In the present case, the defendant was not sentenced based on a guideline range that has since been lowered by the Sentencing Commission. Instead, his guideline range was the lowest possible term of imprisonment allowed by his *statute* of conviction. Amendment 782 does not lower any statutory penalties.

Further, a sentence reduction under § 3582(c) for this defendant would not be consistent with the Sentencing Commission's applicable policy statements. Application Note 1(A) to guideline 1B1.10 explains in relevant part that:

> a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if ... [a guideline amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.,* a statutory mandatory minimum term of imprisonment).

The defendant's guideline range has not been lowered as a result of Amendment 782's revision of the sentencing guidelines' § 2D1.1 Drug Quantity Table. Because the defendant's sentence was based on a statutory mandatory minimum rather than on U.S.S.G. § 2D1.1, he is ineligible for an Amendment 782 sentence reduction. *See, e.g., United States v. McPherson,* 629 F.3d 609, 611–12 (6th Cir. 2011).

### III. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [Doc. 32] is **DENIED**.

IT IS SO ORDERED.

   s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE