UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-CR-167 |
| | ) | Judge Phillips |
| JEROME DOBBINS | ) | |

**MEMORANDUM AND ORDER**

Defendant has filed a "Motion to Dismiss Case and Vacate Sentence for Lack of Jurisdiction Under 28 U.S.C. § 2072(b) and Rule 60(d)" [Doc. 34] and the United States has responded in opposition [Doc. 40]. For the reasons set forth herein, the defendant's motion will be **DENIED**.

**I.  Background**

On December 4, 2012, defendant was charged in an indictment with two counts of distributing 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) [Doc. 1]. On May 9, 2013, defendant pled guilty to both counts of the indictment. As set forth in the factual basis [Doc. 14] and in the Presentence Investigation Report ("PSR") [Doc. 24], defendant sold crack cocaine to a confidential informant on two occasions in quantities of 46.2 grams and 47.4 grams respectively.

Pursuant to 21 U.S.C. § 851, the government filed an information and notice of enhanced penalties [Doc. 11] due to defendant's previous drug trafficking conviction in this Court, in case number 1:07-CR-55. By judgment dated August 5, 2013, the defendant

was sentenced by United States District Judge Danny C. Reeves to a total term of imprisonment of 120 months [Doc. 26]. Because of the enhanced penalties, the defendant was subject to a mandatory minimum sentence of 120 months. The defendant filed an appeal [Doc. 27], and then voluntarily dismissed his appeal in November 2014 [Doc. 31].

Defendant filed the instant motion on January 28, 2019 [Doc. 34]. Defendant's primary complaint is that his indictment was invalid and therefore the Court lacked jurisdiction to sentence him [*Id*. at pp. 2—7, 11—14]. Defendant also raises several issues of ineffective assistance of counsel [*Id*. at pp. 8—11]. Defendant asks that his conviction be reversed and that he be released from prison.

## II. Analysis

Defendant seeks relief under 28 U.S.C. § 2072(b) and Fed. R. Civ. P. 60(d). As an initial matter, neither of these provisions provide any authority to grant the requested relief. Title 28 U.S.C. § 2072(b) provides that the federal rules of practice, procedure, and evidence "shall not abridge, enlarge, or modify any substantive right." This provision does not create any additional right to relief from judgment. Fed. R. Civ. P. 60(d) is a rule of civil procedure and does not provide relief from judgment in criminal proceedings. *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011).

"[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255[.]" *United States v. Zabawa,* 134 F. App'x 60, 67 (6th Cir. 2005).

Section 2106, pertaining to intervening reversals by the Supreme Court or another appellate court, is inapplicable here. As the government notes [Doc. 40 at pp. 2—3], defendant has not cited 28 U.S.C. § 2255 as grounds for relief, although that statute is generally "the exclusive way for federal prisoners to collaterally attack their convictions." *Brice v. Snyder*, 82 F. App'x 444, 446 (6th Cir. 2003); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123–24 (6th Cir. 1998) (explaining that, when a Petitioner alleges that his sentence violates the Constitution or laws of the United States or alleges that the district court lacked jurisdiction, relief should be sought via "an application under § 2255"); *accord United States v. Melton*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ... *is* a motion under § 2255, no matter what title [is] plaster[ed] on the cover." (emphasis in original; internal citations omitted)).

If the Court were to construe the instant motion as a § 2255 motion, the motion would be barred by the one-year limitations period which generally runs from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). The defendant's conviction became final in 2015 and he would have had one year from that time to file a § 2255 motion. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) ("[w]hen a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed."). The present motion was

not filed until January 2019 and, if construed as a § 2255 motion, would clearly be time-barred.

Typically, the Court would not consider recharacterizing the motion as a § 2255 motion because of potentially adverse consequences attached to filing of another § 2255 motion. One of those consequences is that any that subsequent motion would be subject to the restrictions on "second or successive" motions in 28 U.S.C. § 2255(h). *See Castro v. United States,* 540 U.S. 375, 382 (2003) (before a *pro se* litigant's motion may be recharacterized as a first § 2255 motion, the district court must give certain warnings); *accord In re Shelton,* 295 F.3d 620, 622 (6th Cir. 2002). Warnings about those consequences, however, would not be necessary in this case because the present motion, though it would be defendant's first motion to vacate, is time-barred and none of those disadvantages would attach to the treatment of the motion as a § 2255 motion. *See United States v. Martin,* 357 F.3d 1198, 1200 (10th Cir. 2004); *United States v. Chew,* 284 F.3d 468, 471 (3d Cir. 2002) (where a motion to vacate is time-barred, providing notice is "an exercise in futility."); *United States v. Robinson*, No. 2:02-CR-072, 2015 WL 1333969, at *1 (E.D. Tenn. Mar. 25, 2015).

Next, Rule 35 is also inapplicable to the present motion, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the court is not brought by the government for substantial assistance,

and Rule 35(a)'s 14–day window has long closed. Further, there was no "arithmetical, technical, or other clear error" in this case.

Beyond the 14–day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "clerical errors" or "errors in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. However, Rule 36 is available only to correct clerical errors, not to cure "unexpressed sentencing expectations." *Robinson,* 368 F.3d at 656–57. The defendant has alleged no clerical error in this case.

In conclusion, defendant's motion is untimely no matter how it is construed and cites no applicable grounds for relief. Accordingly, the motion [Doc. 34] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE

.